UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOVOTNY CEDRIC SHANNON,

Petitioner,

Civil Action No. 2:15-cv-13053
HON. BERNARD A. FRIEDMAN

v.

MARY BERGHUIS,

Respondent,
___________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

The petitioner, Lovotny Cedric Shannon, confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on or about August 24, 2015. On September 2, 2015, Magistrate Judge R. Steven Whalen signed an "Order to Correct Deficiency," in which petitioner was ordered to submit a $ 5.00 fee for filing a habeas corpus petition or an application to proceed *in forma pauperis* within twenty one days of the order. To date, petitioner has failed to submit either the filing fee or an application to proceed *in forma pauperis.* For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice because of petitioner's failure to comply with an order of the Court.

## I. Discussion

Petitioner's habeas application is subject to dismissal because he has failed to comply

with the order of deficiency by either submitting the $ 5.00 filing fee or an application to proceed *in forma pauperis*.

If a prisoner who seeks habeas corpus relief does not comply with a district court's directions in a deficiency order regarding the prisoner's failure to pay the full filing fee and his failure to provide the required documentation to apply to proceed *in forma pauperis*, the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution. *See Gravitt v. Tyszkiewicz*, 14 Fed. App'x. 348, 349 (6th Cir. 2001) (citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997)). The deficiency order clearly stated that petitioner was required to submit either the $ 5.00 filing fee or an application to proceed *in forma pauperis*. The deficiency order also expressly warned petitioner that failure to comply with the order could result in the dismissal of his action. Because petitioner failed to pay the filing fee or submit the required application to proceed *in forma pauperis*, his petition is subject to dismissal for want of prosecution. *Gravitt*, 14 Fed. App'x. at 349.

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice.

The Court also denies petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state

the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny the petitioner a certificate of appealability because the dismissal of the petition based on petitioner's failure to cure his filing deficiency would not be debatable among jurists of reason. *See Soeken v. Estep*, 270 Fed. App'x. 734, 735-36 (10th Cir. 2008).

## II. ORDER

For the foregoing reasons,

IT IS ORDERED that the petition for a writ of habeas corpus [docket entry 1] is dismissed without prejudice. Nothing in this order precludes petitioner from submitting a new habeas petition with payment of the filing fee or with an *in forma pauperis* application.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

_s/ Bernard A. Friedman_________
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 9, 2015
Detroit, Michigan