UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOVOTNY CEDRIC SHANNON,

        Petitioner,

vs.

        Civil Action No. 15-cv-13053
        HON. BERNARD A. FRIEDMAN
        UNITED STATES DISTRICT COURT

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR IMMEDIATE CONSIDERATION, DENYING THE MOTION FOR SUMMARY JUDGMENT, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Lovotny Cedric Shannon, ("petitioner"), confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2); and felonious assault, Mich. Comp. Laws § 750.82. The Court shall grant petitioner's motion for immediate consideration and shall deny the motion for summary judgment. The Court denied with prejudice the petition for writ of habeas corpus.

**I. Background**

Petitioner pleaded *nolo contendere* to the above offenses in the Washtenaw County Circuit Court on March 12, 2012. In exchange for his plea, the prosecutor agreed to dismiss a fourth felony habitual offender charge. (Tr. 3/12/12, pp. 3-6).

1

On the day of sentencing, petitioner moved to withdraw his plea, claiming that he was innocent. The judge rejected petitioner's motion, noting that in the 23 years that the judge had been on the bench, petitioner repeatedly came before the court always proclaiming his innocence while pleading guilty. (Tr. 5/1/12, pp. 6-9). Petitioner was sentenced to 10 to 20 years in prison on the home invasion conviction and 2 to 4 years on the felonious assault conviction.

Petitioner, through appellate counsel, again filed a motion to withdraw the plea, in part on the ground that petitioner was innocent, and in part on his claim that petitioner did not understand the proceedings against him because he was under the influence of certain medications. The motion to withdraw was denied. (Tr. 2/12/13, pp. 7-8).

Petitioner, through appellate counsel, filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Shannon,* No. 315426 (Mich.Ct.App. May 2, 2013).

Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Shannon,* 495 Mich. 906, 839 N.W. 2d 493 (2013).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Shannon,* No. 11-1133-FH (Washtenaw Cty. Cir. Ct. July 8, 2014); *reconsideration den. People v. Shannon,* No. 11-1133-FH (Washtenaw Cty. Cir. Ct. Aug. 29, 2014). Petitioner filed a second motion for relief from judgment, which was denied on the ground that it was an impermissible successive motion barred by the Michigan Court Rules. *People v. Shannon,* No. 11-1133-FH (Washtenaw Cty. Cir. Ct. Nov. 14, 2014). Petitioner appealed the denial of both motions to the Michigan appellate courts, which denied his application for leave to appeal. *People v. Shannon,* No. 323351 (Mich.Ct.App. Oct. 21, 2014); *lv. den.* 498 Mich. 865, 866 N.W. 2d 431

(2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Shannon was misinformed of the maximum sentence prior to entering his no contest plea, so he should have been permitted to withdraw his plea. His appellate counsel was ineffective for failing to raise this on direct appeal.

II. Shannon suffered a complete absence of counsel at a critical stage of the proceedings when he was only given access to a law student prior to his preliminary examination and did not get an interview with an actual lawyer.

III. Shannon was denied the effective assistance of appellate counsel, who improperly withdrew from the case, causing him to lose his appeal of right on certain issues.

IV. Shannon was "actually innocent" as evidenced by multiple constitutional violations.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or

3

if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Analysis

**A. The motion for immediate consideration is granted.**

Petitioner moved for immediate consideration, which is granted.

**B. The motion for summary judgment is denied.**

Petitioner moved for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000) (quoting Fed. R. Civ. Proc. 56(c)). The summary judgment rule applies to habeas proceedings. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001). However, a federal district court should not enter summary judgment in a habeas case if the pleadings or papers present a genuine issue of fact. *United States ex. rel. Johnson v. De Robertis*, 718 F. 2d 209, 211 (7th Cir. 1983). Respondent's pleadings present a genuine issue of fact concerning petitioner's claims, therefore, the motion for summary judgment is denied.

**C. Claims # 1 and # 2 are procedurally defaulted and Claim # 3 is without merit.**

Petitioner's first two claims are procedurally defaulted for various reasons. The Court will also discuss petitioner's third claim alleging ineffective assistance of appellate counsel in conjunction with addressing the procedural default issue with respect to the first two claims.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is

unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent contends that petitioner's first claim alleging that the judge misinformed him of the maximum penalty for the home invasion charge and/or breached the plea agreement is defaulted because petitioner raised this claim for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise this claim on his direct appeal, as required by M.C.R. 6.508(D)(3), which provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v.*

6

*Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claim on his direct appeal as their rationale for rejecting his post-conviction claim. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Washtenaw County Circuit Court judge, in rejecting petitioner's first claim, cited to M.C.R. 6.508(D)(3), before ruling that petitioner failed to demonstrate good cause for failing to raise this issue on his direct appeal. *See People v. Shannon,* No. 11-1133-FH, * 2-3 (Washtenaw Cty. Cir. Ct. July 8, 2014). The trial court judge clearly denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), thus, petitioner's first claim is clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007); *see also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005).

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default for failing to raise these claims on his direct appeal.[1] Petitioner, however, has not shown that appellate counsel was ineffective.

---

[1] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F. 3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

7

A criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [2] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have

---

[2] *Strickland v. Washington,* 466 U.S. 668 (1984).

8

resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claim that he raised for the first time in his post-conviction motion for relief from judgment. Petitioner's appellate counsel filed a fourteen page brief raising two claims, including one that petitioner appears to raise in his current habeas application.[3] Petitioner has not shown that appellate counsel's strategy in presenting these two claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, petitioner's first claim was not a "dead-bang winner." Because petitioner's first claim was not a "dead-bang winner," petitioner has failed to establish cause for his procedural default of failing to raise his claim on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Moreover, because petitioner's first claim lacks merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

The Court would also reject petitioner's related contention that he was constructively denied the effective assistance of appellate counsel. The Supreme Court has held that the "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in

---

[3] *See* Defendant-Appellant's Delayed Application For Leave to Appeal. [This Court's Docket Entry # 15-18].

9

prejudice." *Strickland v. Washington,* 466 U.S. 668, 692 (1984). However, in order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." *Bell v. Cone,* 535 U.S. 685, 697 (2002). The presumption of prejudice extends to the denial of counsel on appeal. *Penson v. Ohio*, 488 U.S. 75, 88 (1988). However, a case in which a defendant is denied counsel on appeal "is unlike a case in which counsel fails to press a particular argument on appeal . . . or fails to argue an issue as effectively as he or she might." *Penson,* 488 U.S. at 88 (internal citation omitted). Thus, although the denial of counsel altogether on appeal warrants a presumption of prejudice, mere ineffective assistance of counsel on appeal does not. *Smith v. Robbins,* 528 U.S. 259, 286 (2000).

As mentioned above, petitioner's appellate counsel filed a motion to withdraw the plea and a brief on appeal with the Michigan Court of Appeals. Because appellate counsel actually filed an appellate brief on the petitioner's behalf, petitioner was not constructively denied the assistance of appellate counsel.

Petitioner further claims that he was denied the assistance of appellate counsel because his appellate lawyer moved to withdraw from representing petitioner in October 2013. This was after appellate counsel had filed his appellate brief and after the Michigan Court of Appeals had denied petitioner leave to appeal. As a result, petitioner was required to file his own *pro per* application for leave to appeal with the Michigan Supreme Court.

A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). In a criminal proceeding in which a habeas petitioner does not have a constitutional right to counsel, a petitioner

cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Coleman v. Thompson,* 501 U.S. at 752-53. Because petitioner had no constitutional right to the effective assistance of counsel in filing an application for leave to appeal with the Michigan Supreme Court, appellate counsel's failure to file such an application would not entitle him to relief. *Wainwright v. Torna,* 455 U.S. at 587-88. Petitioner is not entitled to relief on his third claim.

Respondent contends that petitioner's second claim alleging the denial of counsel at his preliminary examination is procedurally defaulted because he raised it in his second post-conviction motion for relief from judgment and the trial court relied on M.C.R. 6.502(G) to reject petitioner's post-conviction motion.

Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Mohn v. Bock,* 208 F. Supp. 2d 796, 801 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Mohn,* 208 F. Supp. 2d at 801; *Hudson,* 68 F. Supp. 2d at 800-01.

The trial judge's order, which was the last reasoned decision, rejected petitioner's second motion for relief from judgment pursuant to M.C.R. 6.502(G), because petitioner had already filed a motion for relief from judgment and had failed to show that his motion came within any of the exceptions contained within M.C.R. 6.502(G) that would permit the filing of a second post-

11

conviction motion. *People v. Shannon,* No. 11-1133-FH, * 1-2 (Washtenaw Cty. Cir. Ct. Nov. 14, 2014).

Petitioner's first motion for relief from judgment was filed in 2014. At the time that petitioner filed his first motion, M.C.R. 6.502(G) was a firmly established and regularly followed procedural rule that would be sufficient to invoke the doctrine of procedural default. *See Porter v. Smith,* 197 F. Supp. 2d 827, 832-33 (E.D. Mich. 2002). Because petitioner's second claim was rejected by the Washtenaw County Circuit Court pursuant to M.C.R. 6.502(G), the claim is procedurally defaulted. *Id.*; *see also Erwin v. Elo*, 82 Fed. Appx. 405, 406-07 (6th Cir. 2003).

Petitioner failed to show cause for failing to raise this claim in his first motion for relief from judgment. While ineffective assistance of appellate counsel might excuse petitioner's failure to raise this claim on his direct appeal, it does not excuse petitioner's own failure to correctly exhaust this claim in his first post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed. Appx. 781, 784 (6th Cir. 2007).

In the present case, petitioner has offered no reasons to excuse his procedural defaults. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Rowls v. Jamrog,* 193 F. Supp. 2d 1016, 1026 (E.D. Mich. 2002).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner claims that he is actually innocent because the victim in this case initially described the suspect as a white male, thin build, 5 feet, 10 inches tall, while petitioner is an African-American male who is 5 feet, 6 inches and weighed 170

12

pounds at the time of the crime. Petitioner claims that the victim altered his description to indicate that the perpetrator could have been either a "white male with a tan" or "could be a light skinned black male." Petitioner claims that he was only identified by the victim after the police conducted an improper on-scene identification procedure.

Petitioner, however, ignores the fact that he made a statement to the police in which he confessed his involvement. At the time of the incident, Officer Scott Williams was surveying the area where the suspect might have fled. Officer Williams observed petitioner coming out of a wood line and asked him what he was doing. Petitioner responded "It was me, he hit me I was not going to let him hit me." Officer Williams asked petitioner what he meant and petitioner answered, "It was me I was in the house." Officer Williams arrested petitioner and took him to the victim's home. The victim identified petitioner as the man who had assaulted him.[4]

Under the facts of this case, petitioner failed to establish that a miscarriage of justice has occurred, so as to excuse his default. *See e.g. Thompson v. Elo,* 919 F. Supp. 1077, 1085 (E.D.Mich. 1996)*; overruled on other grounds, Rogers v. Howe,* 144 F. 3d 990, 994, n. 5 (6th Cir. 1998) (Miscarriage of justice would not occur from district court's failure to review petitioner's claims on federal habeas review on basis of procedural default, in light of evidence that victim identified petitioner as her assailant at scene of his arrest and indicated that there was no mistake about identification). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's first and second claims on the merits. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 654

---

[4] *See* Plaintiff-Appellee's Brief in Response to Defendant-Appellant's Delayed Application For Leave To Appeal [Part of this Court's Dkt. 15-18], p. 1, citing to Washtenaw Co Sheriff Arrest Report, Report No. 1100004824.2, at 1.

13

(E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule because his first and second claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, petitioner has failed to show that his procedurally defaulted claims have any merit.

**D.  Claim # 4.  The actual innocence claim.**

In his fourth claim, petitioner contends that he is actually innocent of the crime charged.  The Court assumes that petitioner is arguing that he should be permitted to withdraw his plea based on his claim of innocence.

The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *See Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996).  Petitioner's mere recantation of his plea, without any support, would therefore be insufficient to have his plea overturned. *Id.*

Petitioner's innocence claim, as mentioned when discussing his procedurally defaulted claims, is based on the fact that the victim initially described his assailant as a 5 foot, 10 inch thin white male, while petitioner is in fact a 5 foot, 6 inch, 170 pound African-American male. The victim, however, subsequently changed his description of his assailant to being "white male with a tan" or "a light skinned black male."  Petitioner was discovered by the police in the vicinity of the victim's residence.  Petitioner, from the picture he provided this Court, appears to be a light-

skinned African-American. Upon his apprehension, petitioner confessed to the police officer. Petitioner was taken back to the victim's residence, where he was positively identified. Petitioner is not entitled to withdraw his plea on a claim of innocence because he did "not offer evidence to show that his misidentification defense is reasonable." *United States v. Thomas,* 541 F. Supp. 2d 18, 28 (D.D.C. 2008). The Court also notes that the judge who accepted petitioner's *nolo contendere* plea noted that petitioner had an extensive history of pleading guilty while protesting his innocence. Petitioner is not entitled to relief because he failed to present either evidence or persuasive arguments suggesting that he is innocent of the charges to which he pleaded *nolo contendere*. *See Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 308 (N.D.N.Y. 2008). Petitioner is not entitled to relief on his fourth claim.

## **IV. Conclusion**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be

taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this Opinion, the Court shall deny petitioner a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court shall also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.* Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that the motion for immediate consideration [Dkt. # 17] is granted and the motion for summary judgment [Dkt. # 17] is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis.*

_s/ Bernard A. Friedman_
BERNARD A. FRIEDMAN

SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 31, 2016
      Detroit, Michigan